# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. MILLER,<br><br>  Plaintiff,<br><br>vs.<br><br>WORLD SAVINGS BANK; WACHOVIA MORTGAGE COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; BAC HOME LOAN SERVICING LP; WELLS FARGO BANK, N.A.; U.S. BANK N.A.; BANK OF NEW YORK MELLON, KEYBANK N.A.; FEDERAL DEPOSIT INSURANCE COMPANY; SUN, LIMU, DOE ENTITIES 1-10  WEST MORTGAGE COMPANY, INC.; NATIONAL DEFAULT SERVICING CORPORATION; and DOE ENTITIES 1through 100, Inclusive,<br><br>  Defendants. | CASE NO. 11-CV-03036 JLS (RBB)<br><br>**ORDER: (1) DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; (2) DISMISSING COMPLAINT**<br><br>(ECF No. 2) |

   Plaintiff, proceeding pro se, has submitted a complaint alleging violations of the Truth in Lending Act, 15 U.S.C. §§ 1601-67, as well as several state law claims. (Compl., ECF No. 1) Plaintiff has also submitted an application to proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).

   All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28

U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

According to Plaintiff's application, he last worked only five days prior to filing this action, earning $850 on that day at a swap meet. (IFP Mot. 2, ECF No. 2) Plaintiff also states that the source of all funds for his day-to-day expenses is "swap meet." (IFP Mot. 3) Plaintiff does not identify in the IFP application how often he works at swap meets. In contrast, the Complaint indicates that he was employed, at least at some point, in a field related to "investment property income." (Compl. ¶ 51) The next paragraph of the Complaint alleges Plaintiff had been misled into overstating his income. (Compl. ¶ 52) Whether Plaintiff was ever actually so employed is unclear, but these inconsistencies in Plaintiff's stated employment status concern the Court.

Further inconsistencies in Plaintiff's filings appear upon closer examination. For example, it is unclear how many properties Plaintiff owns. The Complaint refers to "several of the Plaintiff's Real Properties...," but the IFP motion states Plaintiff owns only one property, located on Oakvale Road in Escondido, California. (Compl. ¶ 20; IFP Mot. 3) Plaintiff should have accurately listed his last employment, including annual salary, pay period, and employer's address, in answer to question 2 on the IFP application, and should also have listed all real estate property in answer to question 7 on the IFP application. (IFP Mot. 2-3) The scant information given in answer to these questions and the inconsistent statements found in the IFP application and the Complaint provide the Court with no reliable understanding of Plaintiff's financial position. Thus, the Court finds that Plaintiff's declaration of inability to pay costs or give security is insufficient to permit him to proceed IFP. *See, e.g.*, *In re Webb*, 2007 WL 1742921 at *1 (N.D. Cal. 2007) (denying motion to proceed IFP after noting several inconsistencies in the application and finding it "does not state the facts of her poverty with particularity, nor with definiteness and certainty.")

For these reasons, Plaintiff's motion to proceed IFP is **DENIED** and the Complaint is **DISMISSED** without prejudice. Pursuant to this Order, however, Plaintiff is granted 60 days

leave to pay the $350 filing fee required to maintain this action pursuant to 28 U.S.C. § 1914, or to submit additional documentation regarding his economic status. Furthermore, Plaintiff is encouraged to edit the Complaint for inconsistencies and to ensure that all Defendants named in the Complaint are properly identified. **IF PLAINTIFF CHOOSES TO FILE ADDITIONAL INFORMATION REGARDING HIS POVERTY, HE MUST ATTACH A COPY OF THIS ORDER.**

    **IT IS SO ORDERED.**

DATED: January 26, 2012

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge